UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY GOINGS, <br><br> Plaintiff, <br><br> v. <br><br> DEA et al., <br><br> Defendants. | Case No. 3:23-cv-00714 <br><br> Judge Eli J. Richardson <br> Magistrate Judge Alistair E. Newbern |

### MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of pro se Plaintiff Corey Goings's allegations that Defendants the Tennessee State Highway Patrol (TSHP) and the U.S. Drug Enforcement Administration (DEA) wrongfully seized $204,610.00 from Goings's vehicle during a traffic stop on April 3, 2018. (Doc. No. 1.) This Memorandum Order addresses Goings's second request for appointment of counsel (Doc. No. 15); his "Motion for the return of $204,610 in U.S. Currency with compound interest" (Doc. No. 13, PageID# 131); and the status of service of process on the defendants.

**I.     Relevant Background**

Goings initiated this action on July 18, 2023, by filing a complaint under 42 U.S.C. § 1983 against the DEA and the TSHP, seeking the return of the seized currency, plus interest, and asking the Court "to assign [him] an attorney" because he cannot afford to hire one. (Doc. No. 1, PageID# 6.) Goings also filed applications for leave to proceed *in forma pauperis* (IFP). (Doc. Nos. 5, 6, 8.) The Court denied Goings's IFP applications. (Doc. Nos. 7, 9.) Goings paid the Court's civil filing fee (Doc. No. 10), and the Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pre-trial motions under 28 U.S.C. § 636(b)(1)(A) and

(B), including Goings's request for appointment of counsel (Doc. No. 11). The Court informed Goings that he "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4." (*Id.* at PageID# 126.)

On January 2, 2024, the Magistrate Judge denied without prejudice Goings's first request for appointment of counsel, explaining that, "[i]n civil actions, unlike criminal proceedings, there is no constitutional right to counsel[,]" and finding that Goings "ha[d] not shown that the exceptional circumstances warranting appointment of counsel exist at this time[.]" (Doc. No. 12, PageID# 128, 129.) The Court further found that "Goings ha[d] not yet requested summonses for the defendants from the Clerk of Court, no summonses ha[d] been issued, and neither defendant ha[d] appeared or responded to Goings's complaint." (*Id.* at PageID# 129.) The Court explained Rule 4(m)'s requirement that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." (*Id.* (alteration in original) (quoting Fed. R. Civ. P. 4(m))). The Court exercised its discretion to extend the service deadline, ordered Goings to effect service of process on the defendants by February 16, 2024, and directed him to resources for pro se litigants regarding service available on the Court's website. (Doc. No. 12.)

On February 26, 2024, the Court found that Goings still had not requested summonses for the defendants from the Clerk of Court and neither defendant had appeared or responded to Goings's complaint. (Doc. No. 14.) The Court further found that, instead of accomplishing service, Goings had filed a "Motion for the return of $204,610 in U.S. Currency with compound interest[,]" asking the Court to compel the return of the money that the defendants allegedly seized from his vehicle. (*Id.* at PageID# 145 (quoting Doc. No. 13, PageID# 131).) The Court again explained to

Goings that Rule 4(m) requires service of process on the defendants or dismissal and ordered Goings to show cause "by March 12, 2024, why the Court should extend the service deadline a second time rather than dismiss his complaint under Rule 4(m) for failure to effect service of process on the defendants." (*Id.* at PageID# 146.)

On March 11, 2024, Goings filed a "request for legal assistance[,]" again asking the Court to "appoint [him] legal counsel to lead and assist [him] in this matter of trying to retrieve the $204,610 that was seized by the State of Tennessee Highway Patrol and the D[EA.]" (Doc. No. 15, PageID# 147, 148.) Goings states that he is "freelancing putting these motions together" and "do[es] not understand" "what [he is] doing . . . [,]" but that, "without any money[,] [his] only recourse [is] to try to file with the courts [himself] and hope for the best. (*Id.* at PageID# 148, 149.) Goings further states that he is "having correspondence issues with this [C]ourt" because he "typically" does not "receive the [Court's orders by] mail until . . . about a week and a half" after the mail is sent and "constantly ha[s] to rush to send things back on top of not knowing what [he is] doing." (*Id.* at PageID# 148–49.) Goings also states that he "recently got[ ] into a serious car accident and suffered a concussion" causing "serious migraines which make[ ] it very hard to read, think, concentrate, comprehend or understand a lot of complex things." (*Id.* at PageID# 149.)

The Clerk of Court has informed the Court that, on the same day Goings filed his request for legal assistance, he also submitted twelve service packets, including proposed summonses and proof of service affidavits, and twelve copies of his motion for return of currency (Doc. No. 13). Two of Goings's proposed summonses are addressed to the DEA and the TSHP, one is addressed to the State of Tennessee, and the remaining nine proposed summonses are addressed to the individual DEA and TSHP officials named in the caption of Goings's motion for return of currency.

Goings has not otherwise responded to the Court's order to show cause.

## II. Analysis

### A. Goings's Second Request for Appointment of Counsel

The Court explained the law governing requests for appointment of counsel in its January 2, 2024 order:

> In civil actions, unlike criminal proceedings, there is no constitutional right to counsel. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) ("'Appointment of counsel in a civil case is not a constitutional right.'" (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985))); *Hollis v. Perry*, No. 3:17-cv-00626, 2018 WL 3572391, at *2 (M.D. Tenn. July 24, 2018) (citing *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), for the proposition that "there is no constitutional right to an appointed counsel in a civil action"). District courts have discretion to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but there must be exceptional circumstances justifying such an appointment. *See Lavado*, 992 F.2d at 606 (quoting *Wahl*, 773 F.2d at 1174); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (interpreting then § 1915(d)). To determine "whether exceptional circumstances exist, a district court considers the type of case, the ability of the pro se litigant to represent himself or herself, and the nature of the factual and legal issues involved." *Hollis*, 2018 WL 3572391, at *2.

(Doc. No. 12, PageID# 128–29.)

Goings has shown by his pleadings and motions filed to date that he can communicate with the Court effectively. (Doc. Nos. 1, 5, 6, 8, 13, 15.) At this stage of the proceedings, and considering Goings's demonstrated ability to represent himself, the Court finds no exceptional circumstances to warrant appointment of counsel. Goings's lack of legal knowledge, inability to afford counsel, and health challenges are circumstances common to many pro se plaintiffs, most of whom will not be appointed counsel. If circumstances in this case change—for example, if Goings's claims proceed past summary judgment—Goings may raise the issue of appointed counsel again.

In the meantime, if Goings is unable to meet a particular deadlines in this action, he may move the Court to extend such deadlines.

### B. Goings's Motion for Return of Currency

It appears that Goings is treating his motion for return of currency (Doc. No. 13) as an amended pleading, based on his submission of proposed summonses addressed to the individual DEA and TSHP officials named in that motion as "Defendants" (*id.* at PageID# 132), and his inclusion of copies of the motion with each proposed summonses. But Goings's motion for return of currency is not the equivalent of an amended complaint. This Court's Local Rule 15.01(b) provides that "[a]mended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(b) (form of amended pleading). Going's motion for return of currency does not comply with this standard because it omits much of the information alleged in Goings's original complaint (Doc. No. 1). Accordingly, the Court will deny Goings's motion for return of currency without prejudice to filing an amended complaint.

### C. Service of Process on the Defendants

Goings has now requested summonses for the DEA and the TSHP from the Clerk of Court; however, he has also requested summonses for individuals and entities that are not parties to this action. Because the Court is providing Goings an opportunity to amend his complaint, the Court will wait to issue summonses until after the time period for Goings to file an amended complaint passes. If Goings does not file an amended complaint, the Court will issue summonses to the DEA and the TSHP to be served with copies of Goings's original complaint (Doc. No. 1), but the Court will not issue the additional proposed summonses because they are not addressed to parties in this action.

The Court finds that Goings has adequately responded to the Court's order to show cause (Doc. No. 14).

### III. Conclusion

For these reasons, Goings's second request for appointment of counsel (Doc. No. 15) is DENIED WITHOUT PREJUDICE.

Going's motion for the return of currency (Doc. No. 13) is DENIED.

If Goings intends to file an amended complaint, he is ORDERED to do so by May 6, 2024.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge