UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY GOINGS,<br><br>        Plaintiff,<br><br>v.<br><br>DEA et al.,<br><br>        Defendants. | Case No. 3:23-cv-00714<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of a traffic stop that took place on April 3, 2018, on Interstate 40 westbound in Dickson County, Tennessee. (Doc. No. 19.) Pro se Plaintiff Corey Goings alleges that Defendant Tennessee Highway Patrol (THP) Trooper Rhett Campbell stopped a white Dodge Caravan driven by Tyrone Russ and that, in the course of the stop, Campbell and Defendants Drug Enforcement Administration (DEA) Task Force Officer Brandon McCauley and DEA Special Agent James West illegally seized $204,610.00 that belonged to Goings. (*Id.*)

Campbell, McCauley, West, and Defendants the THP, Russell Bernard, Matt Perry, Terrance Smith, the DEA, Melanie C. Bryson, Terrence J. King, Linda Rannazzisi, and Vicki Rashid have filed motions to dismiss Goings's claims against them under Federal Rule of Civil Procedure 12(b)(5) for failure to effect proper service of process. (Doc. Nos. 28, 32.)

On January 22, 2025, the Court found that Goings had not filed responses in opposition to the defendants' motions to dismiss and ordered Goings to show cause by February 12, 2025, why the Magistrate Judge should not recommend that the Court dismiss Goings's claims under Federal Rule of Civil Procedure 41(b) for Goings's failure to prosecute or for the reasons stated in the

defendants' motions. (Doc. No. 34.) On February 11, 2025, Goings filed a motion to extend the time to serve process, to appoint counsel, and to appoint someone to effect service of process on his behalf. (Doc. No. 35.)

For the reasons that follow, Goings's motion (Doc. No. 35) will be granted in part and denied in part.

## I.    Relevant Background

Goings initiated this action on July 18, 2023, by filing a complaint against the DEA and the THP. (Doc. No. 1.) Goings's complaint included a request for the Court to appoint counsel to represent him in this matter. (*Id.*) After the Court denied Goings's motions for leave to proceed *in forma pauperis* (Doc. Nos. 7, 9) and Goings paid the Court's civil filing fee (Doc. No. 10), the Court referred the case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) (Doc. No. 11). The Court informed Goings that he "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4." (Doc. No. 11, PageID# 126.)

The Magistrate Judge denied the request for appointment of counsel in Goings's complaint without prejudice, explaining that, "[i]n civil actions, unlike criminal proceedings, there is no constitutional right to counsel[,]" and finding that Goings "ha[d] not shown that the exceptional circumstances warranting appointment of counsel exist at this time[.]" (Doc. No. 12, PageID# 128, 129.) The Magistrate Judge also exercised the Court's discretion under Rule 4(m) to extend Goings's deadline to effect service of process on the defendants and ordered Goings "to effect service of process on the defendants by February 16, 2024." (*Id.* at PageID# 130.) The Magistrate Judge informed Goings that "[r]esources for pro se litigants, including information sheets about how to effect service of process, are available on the Court's website" and provided a URL address. (*Id.*)

2

On February 26, 2024, the Magistrate Judge found that Goings still had not effected service of process on the defendants and that, instead of accomplishing service, Goings had filed a "Motion for the return of $204,610 in U.S. Currency with compound interest[,]" asking the Court to compel the return of the money that was allegedly seized from Ross's vehicle. (Doc. No. 14, PageID# 145 (quoting Doc. No. 13, PageID# 131).) The Court therefore ordered Goings to show cause "why the Court should extend the service deadline a second time rather than dismiss his complaint under Rule 4(m) for [Goings's] failure to effect service of process on the defendants." (*Id.* at PageID# 146.)

On March 11, 2024, Goings filed a "request for legal assistance[,]" again asking the Court to "appoint [him] legal counsel to lead and assist [him] in this matter of trying to retrieve the $204,610 that was seized by the State of Tennessee Highway Patrol and the [DEA.]" (Doc. No. 15, PageID# 147, 148.) The Clerk of Court "informed the Court that, on the same day Goings filed his request for legal assistance, he also submitted twelve service packets, including proposed summonses and proof of service affidavits, and twelve copies of his motion for return of currency." (Doc. No. 16, PageID# 153 (citing Doc. No. 13).)

The Magistrate Judge denied Goings's second request for appointment of counsel, again finding "no exceptional circumstances to warrant appointment of counsel." (Doc. No. 16, PageID# 154.) The Magistrate Judge explained that, "[i]f circumstances in this case change—for example, if Goings's claims proceed past summary judgment—Goings may raise the issue of appointed counsel again." (*Id.*) The Magistrate Judge further found that "[i]t appear[ed] that Goings [was] treating his motion for return of currency (Doc. No. 13) as an amended pleading," but that Goings's motion did not comply with the Court's standard for amended pleadings "because it omit[ted] much of the information alleged in Goings's original complaint (Doc.

No. 1)." (*Id.* at PageID# 155.) The Magistrate Judge therefore denied Goings's motion for return of currency without prejudice to Goings filing an amended complaint. (Doc. No. 16.)

Goings filed an amended complaint on May 24, 2024, against the THP, Bernard, Campbell, McCauley, Perry, Smith, the DEA, Bryson, King, Rannazzisi, Rashid, and West. (Doc. No. 19.) Goings's amended complaint is the operative pleading. (*Id.*) It asserts claims under § 1983 for violation of Goings's constitutional rights and seeks return of the seized funds "with compound interest and punitive damages for pain and suffering[ ] . . . ." (*Id.* at PageID# 175, ¶ 55.) The Court issued an order reminding Goings "that he is required to complete service of process on all defendants in accordance with Federal Rule of Civil Procedure 4" and directed the Clerk of Court "to send Goings a copy of the Service of Process in Pro Se Nonprisoner Cases information sheet . . ." to help Goings accomplish service. (Doc. No. 20.)

At Goings's request, the Clerk of Court issued summonses to Goings for multiple defendants on August 5, 2024. (Doc. No. 21.) On November 5, 2024, the Court received a filing from Goings stating "under penalty of perjury" that he served the defendants by certified mail. (Doc. No. 22.) Goings included USPS tracking information and a certified mail receipt for each summons. However, neither the tracking information nor the certified mail receipts show to whom the mailings were delivered or who signed a certified mail return to acknowledge receipt.

On December 3, 2024, the THP, Bernard, Campbell, McCauley, Perry, and Smith moved to dismiss Goings's claims against them under Rule 12(b)(5) for insufficient service of process.[1]

---

[1]     The THP, Bernard, Campbell, McCauley, Perry, and Smith initially moved for dismissal under Rule 4(m) on December 3, 2024. (Doc. No. 25.) However, later the same day, these defendants filed an amended motion to dismiss requesting dismissal under Rule 12(b)(5), which governs dismissal for insufficient service of process. (Doc. No. 28.) In light of their amended motion to dismiss (*id.*), the Court will administratively terminate the first motion to dismiss as moot (Doc. No. 25).

(Doc. No. 28.) Bernard, Campbell, McCauley, Perry, and Smith argue that Goings did not properly serve them in their individual capacities because "[t]he summons[es] to these Defendants were sent to the Tennessee Highway Patrol, and the certified mail receipts were not signed by the individual defendants." (Doc. No. 29, PageID# 278.) They further argue that, to the extent Goings sues Bernard, Campbell, McCauley, Perry, and Smith in their official capacities, those claims and his claims against the THP are claims against the State of Tennessee and Goings has not served the Tennessee Attorney General or an Assistant Attorney General in compliance with Tennessee Rule of Civil Procedure 4.04(6). (Doc. No. 29.)

On December 20, 2024, the DEA, Bryson, King, Rannazzisi, Rashid, and West filed a motion to dismiss Goings's claims against them under Rule 12(b)(5) for insufficient service of process. (Doc. No. 32.) These defendants argue that Goings "has not served the DEA because he has not complied with the requirements under Rule 4(i)(1) requiring service upon the United States" including serving the "[U.S.] Attorney General under Rule 4(i)(1)(B) and the U.S. Attorney's Office for the Middle District of Tennessee under Rule 4(i)(1)(A)[.]" (Doc. No. 33, PageID# 290.) Bryson, King, Rannazzisi, Rashid, and West argue that Goings has not served them in their official capacities because he has not served the United States and has not served them in their individual capacities because "[s]imply mailing the summons and complaint to a purported work address—as [Goings] has done here—will not suffice" to accomplish individual service under Rule 4(e). (*Id.* at PageID# 290–91, n.2.)

On January 22, 2025, the Magistrate Judge found that Goings had not responded in opposition to the defendants' motions to dismiss within the timeframe provided by this Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 34.) The Magistrate Judge therefore ordered Goings to show cause "by February 12, 2025, why the Magistrate Judge should

not recommend that this action be dismissed for Goings's failure to prosecute his claims or for the reasons stated in the defendants' motions to dismiss and why the Court should permit Goings to file untimely responses in opposition to the defendants' motions." (*Id.* at PageID# 294.)

On February 11, 2025, Goings filed a motion styled as a letter expressing confusion about the proper procedures for effecting service of process and asking the Court to further extend the service deadline, to serve process on the defendants on his behalf, and to appoint counsel to represent him in this matter. (Doc. No. 35.) Goings also filed a purported second amended complaint (Doc. No. 36) that adds "the [S]tate of Tennessee Attorney General, the Attorney General for the Middle District of Tennessee, and the U.S. Attorney General" as defendants (Doc. No. 35, PageID# 299, ¶ 1). Goings attached proposed summonses addressed to the U.S. Attorney General, the U.S. Attorney for the Middle District of Tennessee, and the Tennessee Attorney General to his second amended complaint. (Doc. No. 36-1.)

The defendants have not responded to Goings's motion or his purported second amended complaint.

II.     **Analysis**

A.     **Going's Third Request for Appointment of Counsel**

Goings asks the Court to "appoint [him] legal counsel to . . . assist [him] in this matter" because "[a] lot of [the Court's] procedures are a little too complex for a pro se novice like [Goings] to comprehend on the fly" and because he does not "have the resources to hire an attorney for assistance." (Doc. No. 35, PageID# 298–99.)

The Court has explained the law governing requests for appointment of counsel twice in this action and will not repeat it here. (Doc. Nos. 12, 16.) In its order denying Goings's second request for appointment of counsel, the Court explained that "Goings's lack of legal knowledge[ ] [and] inability to afford counsel . . . are circumstances common to many pro se plaintiffs, most of

6

whom will not be appointed counsel" and therefore are not "exceptional circumstances [that] warrant appointment of counsel." (Doc. No. 16, PageID# 154.) Goings's third request for appointment of counsel (Doc. No. 35) does not identify any changed circumstances. His third request for appointment of counsel will therefore be denied without prejudice.

### B.    Service of Process

Goings effectively concedes that he has not effected proper service of process on the defendants. Goings states in his motion that he is "very confused about what [he is] doing wrong" and "thought [he] did the service of process correctly [and] served everyone possible that [he] needed to name in [his] [amended] complaint." (Doc. No. 35, PageID# 298.) Goings asks the Court to extend the service deadline in this action and to "serve process for [him]." (*Id.* at PageID# 299, ¶ 3.)

The defendants have not objected to Goings's request for an extension of the service period, and, considering the relevant factors and the particular circumstances of this case, the Magistrate Judge finds that one final discretionary extension of the service deadline is appropriate. *See United States v. Oakland Phys. Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022) (articulating relevant factors for determining whether to grant a discretionary extension of Rule 4(m)'s service deadline). Goings's request for a further extension of the service deadline will therefore be granted.

Goings has not identified any authority supporting his request that the Court accomplish service of process for him. Federal Rule of Civil Procedure 4(c)(3) provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The advisory committee notes to Rule 4(c) instruct that plaintiffs are "expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service" and "court orders directing service by marshal should not be issued unless they really are necessary." Fed. R. Civ.

P. 4(c) advisory committee's note, 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983). For example, "the court should appoint a marshal or deputy or other official person to make the service" "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace[.]" Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment; *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. suppl. June 2024) ("Although 'discretionary' service by marshal is typically for situations involving hostile defendants, courts may allow its use in other circumstances."). Goings has not argued that a law enforcement presence is required to keep the peace here, nor has he shown that service by marshal is otherwise necessary in this case. Consequently, Goings's request that the Court accomplish service on his behalf (Doc. No. 35) will be denied.

Goings expresses confusion about the laws and rules governing service of process. (*Id.*) Federal Rule of Civil Procedure 4 provides different methods of service for different types of defendants. *See* Fed. R. Civ. P. 4. Rule 4(i) governs service of process on the United States and its agencies, corporations, officers, or employees:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *United States.* To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

8

> **(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> **(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(1)–(3). Rule 4(e) establishes the procedure for serving competent individuals within the United States and provides two avenues for accomplishing service. Fed. R. Civ. P. 4(e). First, under Rule 4(e)(2), service may be made by:

> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C). "Courts interpreting this rule have found 'that delivery means personal delivery, not service by mail.'" *Emiabata v. Farmers Ins. Corp.*, Case No. 3:23-cv-00263, 2024 WL 4940543, at *4 (M.D. Tenn. Dec. 2, 2024) (quoting *Cunningham v. Select Student Loan Help, LLC*, Case No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 10399393 (M.D. Tenn. May 25, 2017)), *report and recommendation adopted*, 2024 WL 5248244 (M.D. Tenn. Dec. 30, 2024). Alternatively, under Rule 4(e)(1), service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(1) provides that an individual defendant may be served

by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). Tennessee law also authorizes service of process by certified mail. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by certified mail is complete only "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt").

Federal Rule 4(j)(2) governs service of process on a state or local government:

(2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Tennessee Rule of Civil Procedure 4.04(6) provides that service may be made "[u]pon the state of Tennessee or any agency thereof, by delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6).

The Court will afford Goings a final opportunity to perfect service of process on the defendants in accordance with these rules.[2]

### C.    Goings's Purported Second Amended Complaint

Federal Rule of Civil Procedure 15(a)(1) provides that:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)(A)–(B). Under Rule 15(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The docket shows that Goings has already amended his pleading once as a matter of course. (Doc. Nos. 1, 19.) Goings nevertheless filed his purported second amended complaint without filing a motion for leave to amend under Local Rule 15.01, *see* M.D. Tenn. R. 15.01 (motions to amend pleadings), and without the defendants' written consent. (Doc. No. 19.)

Goings's second amended complaint is therefore improperly filed and will be stricken from the docket.

### D.    The Defendants' Motions to Dismiss

The defendants' Rule 12(b)(5) motions to dismiss Goings's claims for insufficient service of process (Doc. Nos. 28, 32) remain pending. However, in light of the determination that one final discretionary extension of the service deadline is appropriate, the Court will stay consideration of the defendants' motions, including any response and reply deadlines, until further order to allow Goings an opportunity to perfect service.

---

[2]    If Goings is unable to serve Campbell, Bernard, McCauley, Perry, Smith, Bryson, King, Rannazzisi, Rashid, and West in their individual capacities, he may choose to voluntarily dismiss his claims against those defendants. *See* Fed. R. Civ. P. 21.

The THP, Bernard, Campbell, McCauley, Perry, and Smith's initial motion to dismiss under Rule 4(m) (Doc. No. 25) will be administratively terminated as moot.

III.     **Conclusion**

For these reasons, the Court finds that Goings has responded adequately to its January 22, 2025 order to show cause (Doc. No. 34) by filing his February 11, 2025 motion (Doc. No. 35).

Goings's motion (Doc. No. 35) is GRANTED IN PART AND DENIED IN PART. Goings's request for appointment of counsel is DENIED WITHOUT PREJUDICE and his request for the Court to effect service of process on his behalf is DENIED. Goings's request for an extension of time to effect service of process is GRANTED.

Goings is ORDERED to perfect service of process on the defendants by April 14, 2025. Goings is warned that failure to comply with this Memorandum Order will likely result in a recommendation that his claims against any unserved defendants be dismissed.

The Clerk of Court is DIRECTED to ADMINISTRATIVELY TERMINATE the THP, Bernard, Campbell, McCauley, Perry, and Smith's first motion to dismiss (Doc. No. 25).

Consideration of the defendants' motions to dismiss (Doc. Nos. 28, 32) and any responsive briefing are STAYED until further order.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge