UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY GOINGS, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:23-cv-00714 |
| DEA et al., | Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |
| Defendants. | |

To: The Honorable Eli J. Richardson, District Judge

# REPORT AND RECOMMENDATION

This civil rights action brought under 42 U.S.C. § 1983 arises out of a traffic stop that took place on April 3, 2018, on Interstate 40 westbound in Dickson County, Tennessee. (Doc. No. 19.) Pro se Plaintiff Corey Goings alleges that Defendant Tennessee Highway Patrol (THP) Trooper Rhett Campbell stopped a white Dodge Caravan driven by Tyrone Russ and that, during the stop, Campbell and Defendants Drug Enforcement Administration (DEA) Task Force Officer Brandon McCauley and DEA Special Agent James West illegally seized $204,610.00 that belonged to Goings. (*Id.*)

More than two years have passed since Goings initiated this action (Doc. No. 1), and the Court has extended the deadline for Goings to effect service of process on the defendants under Federal Rule of Civil Procedure 4 three times (Doc. Nos. 12, 37, 44). Campbell, McCauley, West, and Defendants the THP, Russell Bernard, Matt Perry, Terrance Smith, the DEA, Melanie C. Bryson, Terrence J. King, Linda Rannazzisi, and Vicki Rashid now argue that Goings has not yet served them with process as required by Rule 4 (Doc. Nos. 28, 29, 32, 33, 47, 48). The defendants

therefore ask the Court to dismiss Goings's claims against them under Rule 4(m) or Rule 12(b)(5) for failure to effect service of process. (Doc. Nos. 28, 29, 32, 33, 47, 48.)

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Goings's claims without prejudice for failure to effect service of process.

**I.     Relevant Background**

Goings initiated this action on July 18, 2023, by filing a complaint against the DEA and the THP. (Doc. No. 1.) Goings's complaint included a request for the Court to appoint counsel to represent him in this matter. (*Id.*) After the Court denied Goings's motions for leave to proceed *in forma pauperis* (Doc. Nos. 5–9) and Goings paid the Court's civil filing fee (Doc. No. 10), the Court referred the case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) (Doc. No. 11). The Court informed Goings that he "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4." (*Id.* at PageID# 126.)

The Magistrate Judge denied the request for appointment of counsel in Goings's complaint without prejudice. (Doc. No. 12.) The Magistrate Judge also exercised discretion under Rule 4(m) to extend Goings's deadline to effect service of process on the defendants and ordered Goings "to effect service of process on the defendants by February 16, 2024." (*Id.* at PageID# 130.) The Magistrate Judge informed Goings that "[r]esources for pro se litigants, including information sheets about how to effect service of process, are available on the Court's website" and provided a URL address. (*Id.*)

Ten days after the extended deadline for service had passed, the Magistrate Judge found that Goings had not effected service of process on the defendants and had instead filed a "Motion for the return of $204,610 in U.S. Currency with compound interest[,]" asking the Court to compel the return of the money that was allegedly seized from Ross's vehicle. (Doc. No. 14, PageID# 145

2

(quoting Doc. No. 13, PageID# 131).) The Magistrate Judge ordered Goings to show cause "why the Court should extend the service deadline a second time rather than dismiss his complaint under Rule 4(m) for [Goings's] failure to effect service of process on the defendants." (*Id.* at PageID# 146.)

On March 11, 2024, Goings filed a "request for legal assistance[,]" again asking the Court to "appoint [him] legal counsel to lead and assist [him] in this matter of trying to retrieve the $204,610 that was seized by the State of Tennessee Highway Patrol and the [DEA]." (Doc. No. 15, PageID# 147, 148.) The Magistrate Judge denied Goings's second request for appointment of counsel without prejudice, finding "no exceptional circumstances to warrant appointment of counsel." (Doc. No. 16, PageID# 154.) The Magistrate Judge further found that "[i]t appear[ed] that Goings [was] treating his motion for return of currency (Doc. No. 13) as an amended pleading," but that the motion did not comply with the Court's Local Rule 15.01(b) "because it omit[ted] much of the information alleged in Goings's original complaint (Doc. No. 1)." (*Id.* at PageID# 155.) The Magistrate Judge therefore denied Goings's motion for return of currency without prejudice to Goings filing an amended complaint. (Doc. No. 16.)

Goings filed an amended complaint on May 24, 2024, against the THP, Bernard, Campbell, McCauley, Perry, Smith, the DEA, Bryson, King, Rannazzisi, Rashid, and West. (Doc. No. 19.) Goings's amended complaint is the operative pleading. (*Id.*) It asserts claims under § 1983 for violation of Goings's constitutional rights and seeks return of the seized funds "with compound interest and punitive damages for pain and suffering[ ] . . . ." (*Id.* at PageID# 175, ¶ 55.) The Magistrate Judge issued an order reminding Goings "that he is required to complete service of process on all defendants in accordance with Federal Rule of Civil Procedure 4" and directed the

3

Case 3:23-cv-00714    Document 49    Filed 07/29/25    Page 3 of 16 PageID #: 462

Clerk of Court "to send Goings a copy of the [Court's] Service of Process in Pro Se Nonprisoner Cases information sheet . . ." to help Goings accomplish service. (Doc. No. 20.)

At Goings's request, the Clerk of Court issued summonses to Goings for multiple defendants on August 5, 2024. (Doc. No. 21.) On November 5, 2024, the Court received a filing from Goings stating "under penalty of perjury" that he served the defendants by certified mail. (Doc. No. 22.) Goings included USPS tracking information and a certified mail receipt for each summons. However, neither the tracking information nor the certified mail receipts showed to whom the mailings were delivered or who signed a certified mail return to acknowledge receipt.

On December 3, 2024, the THP, Bernard, Campbell, McCauley, Perry, and Smith moved to dismiss Goings's claims against them under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. No. 28.) Bernard, Campbell, McCauley, Perry, and Smith argue that Goings did not properly serve them in their individual capacities because "[t]he summons[es] to these Defendants were sent to the Tennessee Highway Patrol, and the certified mail receipts were not signed by the individual defendants." (Doc. No. 29, PageID# 278.) They further argue that, to the extent Goings sues Bernard, Campbell, McCauley, Perry, and Smith in their official capacities, those claims and his claims against the THP are claims against the State of Tennessee and Goings has not served the Tennessee Attorney General or an Assistant Attorney General in compliance with Tennessee Rule of Civil Procedure 4.04(6). (Doc. No. 29.)

On December 20, 2024, the DEA, Bryson, King, Rannazzisi, Rashid, and West filed a motion to dismiss Goings's claims against them under Rule 12(b)(5) for insufficient service of process. (Doc. No. 32.) These defendants argue that Goings "has not served the DEA because he has not complied with the requirements under Rule 4(i)(1) requiring service upon the United States" including serving the "[U.S.] Attorney General under Rule 4(i)(1)(B) and the U.S.

Attorney's Office for the Middle District of Tennessee under Rule 4(i)(1)(A)[.]" (Doc. No. 33, PageID# 290.) Bryson, King, Rannazzisi, Rashid, and West argue that Goings has not served them in their official capacities because he has not served the United States and has not served them in their individual capacities because "[s]imply mailing the summons and complaint to a purported work address—as [Goings] has done here—will not suffice" to accomplish individual service under Rule 4(e). (*Id.* at PageID# 290–91, n.2.)

On January 22, 2025, the Magistrate Judge found that Goings had not responded in opposition to the defendants' motions to dismiss within the timeframe provided by this Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 34.) The Magistrate Judge therefore ordered Goings to show cause "by February 12, 2025, why the Magistrate Judge should not recommend that this action be dismissed for Goings's failure to prosecute his claims or for the reasons stated in the defendants' motions to dismiss and why the Court should permit Goings to file untimely responses in opposition to the defendants' motions." (*Id.* at PageID# 294.)

On February 11, 2025, the Court received from Goings a motion styled as a letter expressing confusion about the proper procedures for effecting service of process and asking the Court to further extend the service deadline, to serve process on the defendants on his behalf, and to appoint counsel to represent him. (Doc. No. 35.) Goings also provided a purported second amended complaint (Doc. No. 36) that added "the [S]tate of Tennessee Attorney General, the Attorney General for the Middle District of Tennessee, and the U.S. Attorney General" as defendants (Doc. No. 35, PageID# 299, ¶ 1).

On March 14, 2025, the Magistrate Judge found that Goings had "effectively conced[d] that he ha[d] not effected proper service of process on the defendants." (Doc. No. 37, PageID# 343.) The Magistrate Judge denied Going's third request for appointment of counsel

without prejudice, denied Goings's request that the Court accomplish service on his behalf, and struck Goings's purported second amended complaint as improperly filed. (Doc. No. 37.) But the Magistrate Judge granted Going's request to further extend the service deadline and explained to Goings the rules that govern service in this case, including Federal Rule of Civil Procedure 4(i) regarding service of a United States agency, Federal Rule of Civil Procedure 4(j) regarding service of a state or local government entity, and Tennessee rules governing service of process on individuals and on state governmental entities. (Doc. No. 37.) The Magistrate Judge ordered Goings "to perfect service of process on the defendants by April 14, 2025[,]" and warned him that failure to do so would "likely result in a recommendation that his claims against any unserved defendants be dismissed." (*Id.* at PageID# 348.) To allow Goings a final opportunity to perfect service, the Magistrate Judge stayed consideration of the defendants' motions to dismiss until further order. (Doc. No. 37.)

On April 8, 2025, the Court received a filing from Goings "requesting additional time to properly execute . . . service of process" on the defendants. (Doc. No. 40, PageID# 357.) Goings stated in a letter received by the Court on April 24, 2025, that Goings's "interpretation of" the Court's March 14, 2025 order was "that [he] need[ed] to file a motion [for] leave to" amend his complaint to name the United States Attorney General, the United States Attorney for the Middle District of Tennessee, and the Tennessee Attorney General as defendants in this action before he can serve the current defendants. (Doc. No. 42, PageID# 365.) Defendants Bryson, King, Rannazzisi, Rashid, and West and the DEA opposed Goings's motion. (Doc. No. 41.)

In a May 5, 2025 order, the Magistrate Judge explained to Goings that his "'interpretation' of the Court's March 14, 2025 order [was] not correct." (Doc. No. 44, PageID# 381.) The Magistrate Judge explained that "Goings does not need to amend his complaint to include new

6

Case 3:23-cv-00714    Document 49    Filed 07/29/25    Page 6 of 16 PageID #: 465

defendants to properly serve the defendants already named in this action. Goings only needs to follow the Federal Rules of Civil Procedure identified in the March 14, 2025 order." (*Id.* (citing Doc. No. 37).) The Magistrate Judge granted Goings's request for additional time to effect service and ordered him "to perfect service of process on the named defendants and file returns of service documenting that he has done so by May 19, 2025." (*Id.* at PageID# 381.) The Magistrate Judge warned Goings "that no further extensions of the deadline are likely to be granted and that failure to" perfect service would "likely result in a recommendation that his claims against any unserved defendants be dismissed." (*Id.* at PageID# 382.)

On May 28, 2025, the Court received a filing from Goings that includes copies of two certified mail returns, twenty proof-of-service affidavits, and fifteen summonses. (Doc. No. 45.) One of the certified mail returns shows that an article of mail addressed to Tennessee Attorney General Jonathan Skrmetti at 500 Charlotte Ave, Nashville, TN 37243, was delivered on May 12, 2025, and signed for by an individual named Melvin Gooch. (*Id.*) The second certified mail return shows that an article of mail addressed to former Acting United States Attorney General James McHenry at 950 Pennsylvania Ave NW, Washington, DC 20530-0001, was delivered on May 12, 2025, and signed for by someone with a mostly illegible signature, the first letter of which is "E".[1] (*Id.*) On the same day, the Court received a filing from Goings (Doc. No. 46) that appears to be another copy of the purported second amended complaint (Doc. No. 36) that the Court previously rejected (Doc. No. 37).

---

[1]  The Court takes judicial notice that McHenry was appointed acting United States Attorney General on January 20, 2025. Press Release, The White House, *President Trump Announces Acting Cabinet and Cabinet-Level Positions* (Jan. 20, 2025), https://perma.cc/D2CT-KLE2. McHenry served as acting Attorney General until current United States Attorney General Pamela Bondi was sworn in on February 5, 2025. *See* U.S. Dep't of Justice, Staff Profile, Attorney General Pamela Bondi, https://perma.cc/VYG2-WNBZ.

On June 6, 2025, the DEA, Bryson, King, Rannazzisi, Rashid, and West, filed a notice arguing that "[n]either the DEA nor any of the individual DEA employee defendants were served as required by Federal Rule of Civil Procedure 4(i)(1), (2) or (3)." (Doc. No. 47, PageID# 453–54.) Four days later, the THP, Bernard, Campbell, McCauley, Perry, and Smith filed a notice arguing that Goings has not perfected service of process on them either. (Doc. No. 48.) Goings has not responded to the defendants' notices.

**II.      Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served [with a summons and copy of the complaint] within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). The

Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

Federal Rule of Civil Procedure 12(b)(5) also authorizes courts to dismiss a complaint for insufficient service of process, including for failure to comply with the service requirements of Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 12(b)(5); *see Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009) (finding that "a motion to dismiss for insufficient service of process—that is, the manner or method of service—is made pursuant to Rule 12(b)(5)"); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (4th ed. suppl. May 20, 2025) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." (footnotes omitted)). "In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service[,]" including "uncontroverted affidavits . . . ." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); *see also Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (finding that courts considering Rule 12(b)(5) motions "'may look to "record evidence" and "uncontroverted affidavits" in determining'" sufficiency of service (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015))). The plaintiff bears the burden to establish that service was proper. *Spencer*, 516 F. Supp. 3d at 758; *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

III. Analysis

    A.     Service on the DEA, Bryson, King, Rannazzisi, Rashid, and West

Federal Rule of Civil Procedure 4(i) requires a plaintiff bringing suit against a United States agency or officers of the United States in their official capacities to deliver by registered or certified mail a summons and complaint to three different entities: "the United States attorney for the district where the action is brought[,]" Fed. R. Civ. P. 4(i)(1)(A)(i); "the Attorney General of

the United States at Washington, D.C.[,]" Fed. R. Civ. P. 4(i)(B); and "the agency" or "officer" being sued, Fed. R. Civ. P. 4(i)(2). A plaintiff bringing suit against United States officers in their individual capacities must also serve a copy of the summons and complaint on the officers themselves in accordance with Federal Rule of Civil Procedure 4(e). Fed. R. Civ. P. 4(i)(3).

The Magistrate Judge explained the requirements of Rule 4(e) of the Federal Rules of Civil Procedure in a prior order:

> Rule 4(e) establishes the procedure for serving competent individuals within the United States and provides two avenues for accomplishing service. Fed. R. Civ. P. 4(e). First, under Rule 4(e)(2), service may be made by:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> Fed. R. Civ. P. 4(e)(2)(A)–(C). "Courts interpreting this rule have found 'that delivery means personal delivery, not service by mail.'" *Emiabata v. Farmers Ins. Corp.*, Case No. 3:23-cv-00263, 2024 WL 4940543, at *4 (M.D. Tenn. Dec. 2, 2024) (quoting *Cunningham v. Select Student Loan Help, LLC*, Case No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted*, 2017 WL 10399393 (M.D. Tenn. May 25, 2017)), *report and recommendation adopted*, 2024 WL 5248244 (M.D. Tenn. Dec. 30, 2024). Alternatively, under Rule 4(e)(1), service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(1) provides that an individual defendant may be served
>
>> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

> Tenn. R. Civ. P. 4.04(1). Tennessee law also authorizes service of process by certified mail. Tenn. R. Civ. P. 4.04(10). Tennessee Rule of Civil Procedure 4.03(2) provides that service by certified mail is complete only "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute[.]" Tenn. R. Civ. P. 4.03(2); *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[ ] may sign the return receipt").

(Doc. No. 37, PageID# 345–46 (alterations in original).)

The DEA, Bryson, King, Rannazzisi, Rashid, and West concede that Goings "appear[s] to have [ ] served" copies of summonses addressed to each of them "on the United States Attorney General." (Doc. No. 47, PageID# 454.) However, they argue that Goings has not sufficiently served the United States Attorney General with his operative complaint because Goings only attached copies of "his already-stricken second amended complaint" to the summonses. (*Id.*) These defendants also argue that Goings failed to serve the United States Attorney for the Middle District of Tennessee as required by Rule 4(i)(1)(A) and failed to separately serve the DEA, Bryson, King, Rannazzisi, Rashid, and West as required by Rule 4(i)(2) and (3). (Doc. No. 47.)

There is no indication in the record that Goings properly served the United States Attorney for the Middle District of Tennessee with copies of the summonses for the DEA, Bryson, King, Rannazzisi, Rashid, and West. Goings's proof-of-service affidavits for these summonses state only that he sent copies of them to former acting United States Attorney General McHenry. (Doc. No. 45.) There is a summons in the record addressed to acting United States Attorney for the Middle District of Tennessee Robert McGuire, but the proof-of-service affidavit Goings filed for McGuire's summons states that Goings sent the summons to the Tennessee Attorney General's office, not to the office of the United States Attorney for the Middle District of Tennessee. (Doc. No. 45.) Goings therefore has not complied with Rule 4(i)(1)(A)'s requirement that he send a copy of the summons for each United States agency or officer defendant and the complaint "by

registered or certified mail to the civil-process clerk at the United States attorney's office[.]" Fed. R. Civ. P. 4(i)(1)(A)(ii).

Further, as the defendants point out, there is no indication in the record that Goings separately served summonses on the DEA as required by Rule 4(i)(2) or on any of the individual defendants in accordance with Rule 4(e) as required by Rule 4(i)(3). The record includes a proof-of-service affidavit stating that Goings sent a summons addressed to former DEA Administrator Anne Milgram to former acting United States Attorney General McHenry's office, along with the summons addressed to the DEA that Goings sent to McHenry's office.[2] (Doc. No. 45.) This does not satisfy Rule 4(i)(2)'s requirement that Goings send a copy of the summons addressed to the DEA to the DEA itself.

Goings also has not challenged the defendants' assertion that he did not serve a copy of the operative complaint on the United States Attorney for the Middle District of Tennessee, the United States Attorney General, the DEA, or any of the individual defendants as required by Rule 4(i).

Goings therefore has not carried his burden to show that he perfected service on the DEA, Bryson, King, Rannazzisi, Rashid, and West in accordance with Rule 4(i) and the Court's orders.

B. Service on the THP, Bernard, Campbell, McCauley, Perry, and Smith

Under Federal Rule of Civil Procedure 4(j)(2), a plaintiff brining suit against "[a] state, municipal corporation, or any other state-created governmental organization that is subject to suit"

---

[2] The Court takes judicial notice that Milgram is the former administrator of the DEA. Press Release, DEA, Anne Milgram Sworn In As DEA Administrator (June 29, 2021), https://www.dea.gov/press-releases/2021/06/29/anne-milgram-sworn-dea-administrator (last visited July 28, 2025) ("On June 28, [2021,] Anne Milgram was sworn in as Administrator of the Drug Enforcement Administration . . . ."); *see also* DEA Leadership, Meet the Administrator, https://www.dea.gov/about/dea-leadership (last visited July 28, 2025) ("Terrance C. 'Terry' Cole was sworn in as Administrator of the U.S. Drug Enforcement Administration (DEA) on July 23, 2025, following his confirmation by the United States Senate.").

must deliver a copy of the summons and complaint to the state's "chief executive officer" or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B). Tennessee Rule of Civil Procedure 4.04(6) provides that a plaintiff may serve "the state of Tennessee or any agency thereof, by delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general." Tenn. R. Civ. P. 4.04(6). To the extent that Goings sues Bernard, Campbell, McCauley, Perry, and Smith in their official capacities as THP employees, these claims are treated as claims against the THP. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (citations omitted)). To the extent that Goings sues Bernard, Campbell, McCauley, Perry, and Smith in their individual capacities, he must also serve them in compliance with Federal Rule of Civil Procedure 4(e).

Goings filed a proof-of-service affidavit stating that he sent a copy of the summons addressed to McCauley to former acting United States Attorney General McHenry's office. (Doc. No. 45.) The certified mail return that Goings attached to this proof-of-service affidavit shows that an article of mail addressed to McHenry was delivered to Washington, DC, on May 12, 2025, and signed for by someone with a mostly illegible signature that starts with the letter "E". (*Id.* at PageID#435.) There is no indication in the record that the person who signed is authorized to accept service on McCauley's or the THP's behalf. And there is no indication that Goings separately served the summons and complaint on McCauley in accordance with Federal Rule of Civil Procedure 4(e).

Goings filed proof-of-service affidavits stating that he sent copies of summonses addressed to Bernard, Campbell, Perry, and Smith to the Tennessee Attorney General's office. (Doc. No. 45.) Goings also filed a proof-of-service affidavit stating that he sent a summons addressed to Tennessee Attorney General Skrmetti himself to the Tennessee Attorney General's office. (*Id.*) But the certified mail return that Goings attached to these affidavits shows only that an article of mail addressed to Skrmetti at 500 Charlotte Ave, Nashville, TN 37243, was delivered on May 12, 2025, and signed for by someone named Melvin Gooch. (*Id.*) There is no indication in the record that Gooch is authorized to accept service of process on behalf of Bernard, Campbell, Perry, Smith, Skrmetti, or the THP. And there is no indication that Goings separately served copies of the summonses and complaint on Bernard, Campbell, Perry, and Smith in accordance with Federal Rule of Civil Procedure 4(e).

Goings therefore has not carried his burden to show that he perfected service of process on the THP, Bernard, Campbell, McCauley, Perry, and Smith.

### C. Whether a Further Extension of Time to Effect Service Is Appropriate

Goings has not shown good cause to support a fourth extension of the service deadline. The Court has provided Goings with ample time and opportunity to achieve service of process. The Court has also pointed Goings to available resources about service for pro se litigants and has warned Goings that failure to perfect service would likely result in a recommendation that the Court dismiss his claims against any unserved defendants. Considering the relevant factors and the unique circumstances of this case, a further discretionary extension of time to serve the defendants is not warranted. *See Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

Goings's claims against the DEA, Bryson, King, Rannazzisi, Rashid, West, the THP, Bernard, Campbell, McCauley, Perry, and Smith are subject to dismissal under Rule 4(m) or Rule 12(b)(5) for Goings's failure to effect service of process on these defendants.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court GRANT the defendants' motions to dismiss (Doc. Nos. 28, 32) and DISMISS this action for Goings's failure to effect service of process on the defendants.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 29th day of July, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge