IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY GOINGS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-00714 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| DRUG ENFORCEMENT AGENCY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Pending before the Court[1] is a report and recommendation (Doc. No. 49, "R&R") of the Magistrate Judge, which recommends that the Court grant the motion to dismiss filed by Defendants Rhett Campbell, Russell Bernard, Terrance Smith, Matt Perry, Brandon McCauley, and the Tennessee Highway Patrol (Doc. No. 28, "First Motion to Dismiss") and the motion to dismiss filed by Defendants Drug Enforcement Agency ("DEA"), Melanie Bryson, Terrence King, Linda Rannazzisi, Vicki Rashid and James West (Doc. No. 32, "Second Motion to Dismiss") and to accordingly dismiss the entire action "for Goings's failure to effect service of proves on the defendants."[2] No objections to the R&R have been filed, and the time for filing objections has now expired.[3]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] The Court will refer to both groups of defendants (who filed the respective motions to dismiss) collectively as "Defendants" for ease of reading.

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the R&R with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on July 29, 2025 and as of August 20, 2025 Plaintiff has not filed any objections.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Goings initiated this action on July 18, 2023, by filing a complaint against the DEA and the THP. (Doc. No. 1.) Goings's complaint included a request for the Court to appoint counsel to represent him in this matter. (*Id.*) After the Court denied Goings's motions for leave to proceed *in forma pauperis* (Doc. Nos. 5–9) and Goings paid the Court's civil filing fee (Doc. No. 10), the Court referred the case to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B) (Doc. No. 11). The Court informed Goings that he "is responsible for effecting service of process on Defendants in accordance with Federal Rule of Civil Procedure 4." (*Id.* at PageID# 126.)
>
> The Magistrate Judge denied the request for appointment of counsel in Goings's complaint without prejudice. (Doc. No. 12.) The Magistrate Judge also exercised discretion under Rule 4(m) to extend Goings's deadline to effect service of process on the defendants and ordered Goings "to effect service of process on the defendants by February 16, 2024." (*Id.* at PageID# 130.) The Magistrate Judge informed Goings that "[r]esources for pro se litigants, including information sheets about how to effect service of process, are available on the Court's website" and provided a URL address. (*Id.*).
>
> Ten days after the extended deadline for service had passed, the Magistrate Judge found that Goings had not effected service of process on the defendants and had instead filed a "Motion for the return of $204,610 in U.S. Currency with compound interest[,]" asking the Court to compel the return of the money that was allegedly seized from Ross's vehicle. (Doc. No. 14, PageID# 145 (quoting Doc. No. 13, PageID# 131).) The Magistrate Judge ordered Goings to show cause "why the Court should extend the service deadline a second time rather than dismiss his complaint under Rule 4(m) for [Goings's] failure to effect service of process on the defendants." (*Id.* at PageID# 146.)
>
> On March 11, 2024, Goings filed a "request for legal assistance[,]" again asking the Court to "appoint [him] legal counsel to lead and assist [him] in this matter of trying to retrieve the $204,610 that was seized by the State of Tennessee Highway Patrol and the [DEA]." (Doc. No. 15, PageID# 147, 148.) The Magistrate Judge denied Goings's second request for appointment of counsel without prejudice, finding "no exceptional circumstances to warrant appointment of counsel." (Doc. No. 16, PageID# 154.) The Magistrate Judge further found that "[i]t appear[ed] that Goings [was] treating his motion for return of currency (Doc. No. 13) as an amended pleading," but that the motion did not comply with the Court's Local Rule 15.01(b) "because it omit[ted] much of the information alleged in Goings's original complaint (Doc. No. 1)." (Id. at PageID# 155.) The Magistrate

Judge therefore denied Goings's motion for return of currency without prejudice to Goings filing an amended complaint. (Doc. No. 16.)

Goings filed an amended complaint on May 24, 2024, against the THP, Bernard, Campbell, McCauley, Perry, Smith, the DEA, Bryson, King, Rannazzisi, Rashid, and West. (Doc. No. 19.) Goings's amended complaint is the operative pleading. (*Id*.) It asserts claims under § 1983 for violation of Goings's constitutional rights and seeks return of the seized funds "with compound interest and punitive damages for pain and suffering[ ] . . . ." (*Id*. at PageID# 175, ¶ 55.) The Magistrate Judge issued an order reminding Goings "that he is required to complete service of process on all defendants in accordance with Federal Rule of Civil Procedure 4" and directed the Clerk of Court "to send Goings a copy of the [Court's] Service of Process in Pro Se Nonprisoner Cases information sheet . . ." to help Goings accomplish service. (Doc. No. 20.)

At Goings's request, the Clerk of Court issued summonses to Goings for multiple defendants on August 5, 2024. (Doc. No. 21.) On November 5, 2024, the Court received a filing from Goings stating "under penalty of perjury" that he served the defendants by certified mail. (Doc. No. 22.) Goings included USPS tracking information and a certified mail receipt for each summons. However, neither the tracking information nor the certified mail receipts showed to whom the mailings were delivered or who signed a certified mail return to acknowledge receipt.

On December 3, 2024, the THP, Bernard, Campbell, McCauley, Perry, and Smith moved to dismiss Goings's claims against them under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. No. 28.) Bernard, Campbell, McCauley, Perry, and Smith argue that Goings did not properly serve them in their individual capacities because "[t]he summons[es] to these Defendants were sent to the Tennessee Highway Patrol, and the certified mail receipts were not signed by the individual defendants." (Doc. No. 29, PageID# 278.) They further argue that, to the extent Goings sues Bernard, Campbell, McCauley, Perry, and Smith in their official capacities, those claims and his claims against the THP are claims against the State of Tennessee and Goings has not served the Tennessee Attorney General or an Assistant Attorney General in compliance with Tennessee Rule of Civil Procedure 4.04(6). (Doc. No. 29.)

On December 20, 2024, the DEA, Bryson, King, Rannazzisi, Rashid, and West filed a motion to dismiss Goings's claims against them under Rule 12(b)(5) for insufficient service of process. (Doc. No. 32.) These defendants argue that Goings "has not served the DEA because he has not complied with the requirements under Rule 4(i)(1) requiring service upon the United States" including serving the "[U.S.] Attorney General under Rule 4(i)(1)(B) and the U.S. Attorney's Office for the Middle District of Tennessee under Rule 4(i)(1)(A)[.]" (Doc. No. 33, PageID# 290.) Bryson, King, Rannazzisi, Rashid, and West argue that Goings has not served them in their official capacities because he has not served the United States and has

not served them in their individual capacities because "[s]imply mailing the summons and complaint to a purported work address—as [Goings] has done here—will not suffice" to accomplish individual service under Rule 4(e). (*Id*. at PageID# 290–91, n.2.)

On January 22, 2025, the Magistrate Judge found that Goings had not responded in opposition to the defendants' motions to dismiss within the timeframe provided by this Court's Local Rules and the Federal Rules of Civil Procedure. (Doc. No. 34.) The Magistrate Judge therefore ordered Goings to show cause "by February 12, 2025, why the Magistrate Judge should not recommend that this action be dismissed for Goings's failure to prosecute his claims or for the reasons stated in the defendants' motions to dismiss and why the Court should permit Goings to file untimely responses in opposition to the defendants' motions." (Id. at PageID# 294.)

On February 11, 2025, the Court received from Goings a motion styled as a letter expressing confusion about the proper procedures for effecting service of process and asking the Court to further extend the service deadline, to serve process on the defendants on his behalf, and to appoint counsel to represent him. (Doc. No. 35.) Goings also provided a purported second amended complaint (Doc. No. 36) that added "the [S]tate of Tennessee Attorney General, the Attorney General for the Middle District of Tennessee, and the U.S. Attorney General" as defendants (Doc. No. 35, PageID# 299, ¶ 1).

On March 14, 2025, the Magistrate Judge found that Goings had "effectively concede[d] that he ha[d] not effected proper service of process on the defendants." (Doc. No. 37, PageID# 343.) The Magistrate Judge denied Going's third request for appointment of counsel without prejudice, denied Goings's request that the Court accomplish service on his behalf, and struck Goings's purported second amended complaint as improperly filed. (Doc. No. 37.) But the Magistrate Judge granted Going's request to further extend the service deadline and explained to Goings the rules that govern service in this case, including Federal Rule of Civil Procedure 4(i) regarding service of a United States agency, Federal Rule of Civil Procedure 4(j) regarding service of a state or local government entity, and Tennessee rules governing service of process on individuals and on state governmental entities. (Doc. No. 37.) The Magistrate Judge ordered Goings "to perfect service of process on the defendants by April 14, 2025[,]" and warned him that failure to do so would "likely result in a recommendation that his claims against any unserved defendants be dismissed." (*Id*. at PageID# 348.) To allow Goings a final opportunity to perfect service, the Magistrate Judge stayed consideration of the defendants' motions to dismiss until further order. (Doc. No. 37.)

On April 8, 2025, the Court received a filing from Goings "requesting additional time to properly execute . . . service of process" on the defendants. (Doc. No. 40, PageID# 357.) Goings stated in a letter received by the Court on April 24, 2025, that Goings's "interpretation of" the Court's March 14, 2025 order was "that

[he] need[ed] to file a motion [for] leave to" amend his complaint to name the United States Attorney General, the United States Attorney for the Middle District of Tennessee, and the Tennessee Attorney General as defendants in this action before he can serve the current defendants. (Doc. No. 42, PageID# 365.) Defendants Bryson, King, Rannazzisi, Rashid, and West and the DEA opposed Goings's motion. (Doc. No. 41.)

In a May 5, 2025 order, the Magistrate Judge explained to Goings that his "'interpretation' of the Court's March 14, 2025 order [was] not correct." (Doc. No. 44, PageID# 381.) The Magistrate Judge explained that "Goings does not need to amend his complaint to include new defendants to properly serve the defendants already named in this action. Goings only needs to follow the Federal Rules of Civil Procedure identified in the March 14, 2025 order." (Id. (citing Doc. No. 37).) The Magistrate Judge granted Goings's request for additional time to effect service and ordered him "to perfect service of process on the named defendants and file returns of service documenting that he has done so by May 19, 2025." (Id. at PageID# 381.) The Magistrate Judge warned Goings "that no further extensions of the deadline are likely to be granted and that failure to" perfect service would "likely result in a recommendation that his claims against any unserved defendants be dismissed." (*Id*. at PageID# 382.)

On May 28, 2025, the Court received a filing from Goings that includes copies of two certified mail returns, twenty proof-of-service affidavits, and fifteen summonses. (Doc. No. 45.) One of the certified mail returns shows that an article of mail addressed to Tennessee Attorney General Jonathan Skrmetti at 500 Charlotte Ave, Nashville, TN 37243, was delivered on May 12, 2025, and signed for by an individual named Melvin Gooch. (*Id*.) The second certified mail return shows that an article of mail addressed to former Acting United States Attorney General James McHenry at 950 Pennsylvania Ave NW, Washington, DC 20530-0001, was delivered on May 12, 2025, and signed for by someone with a mostly illegible signature, the first letter of which is "E".1 (*Id*.) On the same day, the Court received a filing from Goings (Doc. No. 46) that appears to be another copy of the purported second amended complaint (Doc. No. 36) that the Court previously rejected (Doc. No. 37).

On June 6, 2025, the DEA, Bryson, King, Rannazzisi, Rashid, and West, filed a notice arguing that "[n]either the DEA nor any of the individual DEA employee defendants were served as required by Federal Rule of Civil Procedure 4(i)(1), (2) or (3)." (Doc. No. 47, PageID# 453– 54.) Four days later, the THP, Bernard, Campbell, McCauley, Perry, and Smith filed a notice arguing that Goings has not perfected service of process on them either. (Doc. No. 48.) Goings has not responded to the defendants' notices.

(Doc. No. 49 at 2-8). The Magistrate Judge ultimately recommended that Defendants' motions to dismiss be granted and that the action be dismissed "for Goings's failure to effect service of process

on the defendants." (*Id.* at 16). As previously mentioned, Plaintiff did not timely file objections to the R&R; indeed, Plaintiff has not filed any objections as of August 20, 2025).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 49) is ADOPTED and approved. Accordingly, Defendants' motions to dismiss (Doc. No. 28, 32) are GRANTED and this action is hereby DISMISSED WITHOUT PREJUDICE.

Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE